JOEL S. FARKAS, ESQ. (S.B. # 244032)
5404 Whitsett Avenue #46
Valley Village, California 91607
Tel:   (310) 621-6654
Fax:   (818) 495-2513

Attorney for Plaintiff Sami Ammari

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMI AMMARI, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LOS ANGELES COUNTY; LOS ANGELES COUNTY BOARD OF SUPERVISORS; DEAN C. LOGAN, in his capacity as the Los Angeles County Clerk; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.:<br><br>COMPLAINT FOR:<br><br>1.　VIOLATION OF 42 U.S.C. § 1983;<br><br>2.　DECLARATORY RELIEF<br><br>[DEMAND FOR JURY TRIAL] |

Plaintiff Bruce Boyer alleges as follows:

**Jurisdiction and Venue**

1. All of the relevant events and circumstances occurred in the County of Ventura, and the United States District Court for the Central District of California is Court has jurisdiction over this action pursuant to 28 U.S.C. § 1343.

**Parties**

2. Plaintiff Sami Ammari is now and, at all times relevant herein, was a resident of the State of California, County of Los Angeles.

3. Plaintiff is informed and believes and, based thereon, alleges that

COMPLAINT

1

Defendant Los Angeles County ("County) is an charted county of the State of California, organized and existing pursuant to Art. 11, § 3 of the California Constitution; Title 3 of the California Government Code; the Charter of the County of Los Angeles ("LA Charter"); and the Los Angeles County Code.

4.  Plaintiff is informed and believes and, based thereon, alleges that Defendant Los Angeles County Board of Supervisors ("Board") is the governing body of, and for, Los Angeles, organized and existing under Art. II of the LA Charter and Gov't Code § 25000, *et seq.*

5.  Plaintiff is informed and believes and, based thereon, alleges that Defendant Dean C. Logan ("Logan") has, at all times relevant herein, served as the Clerk of Los Angeles County, pursuant to Art. IV, § 14 of the LA Charter and Gov't Code §§ 24000(c) & 26801. Plaintiff sues Defendant Logan in his capacity as the Clerk of Ventura County.

**Doe Defendants**

6.  Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and, based thereon, alleges that each of the fictitiously named Defendants is negligently, contractually, or otherwise responsible, directly or indirectly, in whole or in part, for the occurrences alleged in this complaint, and Plaintiff's injuries, as alleged herein, were proximately caused by the actions of such DOE Defendants.

7.  Plaintiff is informed and believes and, based thereon, alleges that, at all times relevant herein, each of the Defendants identified herein, including, but not limited to, those named as DOES, were acting as agents, principals, representatives, proxies, guardians, surrogate, alter egos, or otherwise, on behalf of the other Defendants, collectively or individually, and thus, each such identified Defendants, including, but not limited to those names as DOES, are individually or collectively,

directly or indirectly, in whole or in part, or vicariously or otherwise liable for the acts or omissions of the other Defendants, individually or collectively.

**Relevant Facts**

8. Plaintiff Sami Ammari ("Ammari") is resident of the State of California, who desires to stand for election in June, 2022 for Los Angeles County Sheriff.

9. Ammari has never been employed as a law enforcement officer, nor has he attended any academy or other similar institution as a precursor for serving as a law enforcement officer.

10. Gov't Code § 24004.3 was enacted in 1988. Stats.1988, c. 57, § 1. Gov't Code § 24004.3(a) states that "[n]o person is eligible to become a candidate for the office of sheriff in any county unless, at the time of the final filing date for election, he or she meets one of the following criteria . . . " Gov't Code § 24004.3(a)(1-5), directly or indirectly, requires that any person wishing to stand for election as a county sheriff have "salaried law enforcement experience," or "employ[ment] as a full-time peace officer by a POST-participating department."

11. Plaintiff contends that the requirements for Los Angeles County Sheriff imposed by Gov't Code § 24004.3 violates Plaintiff's rights under the First Amendment of the United States Constitution in that it deprives Plaintiff of, and interferes with, Plaintiff's right to seek election to, and hold, an elective public office.

**First Cause of Action**
Violation of Federally Protected Rights under 42 U.S.C. § 1983
(By Plaintiff Sami Ammari against all Defendants Los Angeles County;
Los Angeles County Board of Supervisors; Mark Dean C. Logan;
and Does 1 through 10)

12. Plaintiff restates paragraphs 1 through 11 as if fully set forth herein, and incorporates same by reference.

16. Defendants, while acting under the color of state law, seek to deprive Plaintiff of his right to seek election to, and hold, a public office in violation of the First Amendment of the United States Constitution.

18. As a direct and proximate cause of Defendants; actions, Plaintiff has suffered embarrassment, humiliation, and emotional distress.

13. Plaintiff has also suffered damages in excess of the minimum established for this Court, in an amount to be determined at time of trial.

**Second Cause of Action**
Declaratory Relief
(By Plaintiff Sami Ammari against all Defendants Los Angeles County; Los Angeles County Board of Supervisors; Mark Dean C. Logan; and Does 1 through 10)

14. Plaintiff restates paragraphs 1 through 11 as if fully set forth herein, and incorporates same by reference.

15. An actual controversy has arisen and now exists between Plaintiff and Defendants with respect to the constitutionality of Gov't Code § 24004.3 under the United States Constitution.

16. Plaintiff contends that the requirements for Los Angeles County Sheriff imposed by Gov't Code § 24004.3 violate Plaintiff's rights under the First Amendment of the United States Constitution in that it deprives Plaintiff of, and interferes with, Plaintiff's right to seek election to, and hold, an elective public office.

17. Defendants, on the other hand, contend that the requirements for Los Angeles County Sheriff imposed by Gov't Code § 24004.3 do not violate Plaintiff's rights under the First Amendment of the United States Constitution, and these statutory requirements do not deprive Plaintiff of, and interfere with, his right to seek election to, and hold, an elective public office.

18. Therefore, Plaintiff desires a judicial determination of the constitutionality of Gov't Code § 24004.3 under the United States Constitution.

19. A judicial declaration is necessary and appropriate at this time, under all the circumstances to avoid any further damage to Plaintiff.

///

///

WHEREFORE, Plaintiff requests that the Court:

### First Cause of Action

1. Award Plaintiff damages, in an amount to be proven at time of trial and;
2. Award Plaintiff his costs of suit and attorneys fees, pursuant to 42 U.S.C. § 1988.

### Second Cause of Action

3. Issue a Judgment declaring that Gov't Code § 24004.3 is unconstitutional under the terms of the United States Constitution, including, but not limited to, the First Amendment of the United States Constitution.

### All Causes of Action.

4. Award Plaintiff such other and further relief as the Court deems just and proper.

JOEL S. FARKAS, ESQ.

Dated: October 5, 2021    by: _____
Joel S. Farkas
Attorney for Plaintiff Sami Ammari

### DEMAND FOR JURY TRIAL

Plaintiff Sami Ammari hereby demands a trial by jury of his claims in this action.

JOEL S. FARKAS, ESQ.

Dated: October 5, 2021    by: _____
Joel S. Farkas
Attorney for Plaintiff Sami Ammari